**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony Lawrence FALES,
Defendant–Appellant.**

No. 04–2141.

United States Court of Appeals,
Sixth Circuit.

Feb. 2, 2005.

Donald Daniels, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Kenneth P. Tableman, Asst. F.P. Defender, Federal Public Defenders Office Western District of Michigan, Grand Rapids, MI, for Defendant–Appellant.

Before SILER, BATCHELDER, and DAUGHTREY, Circuit Judges.

BATCHELDER, Circuit Judge.

Anthony Lawrence Fales ("Fales") appeals the denial of his Motion For Stay Of

Sentence Pending Appeal in connection with his conviction for bank embezzlement in violation of 18 U.S.C. § 656. Fales argues only that the district judge erred in refusing to stay his four month prison sentence pending the outcome of *United States v. Booker* and *United States v. Fanfan*, which were pending before the Supreme Court at the time Fales submitted this appeal. Because Fales does not present a constitutional challenge to the Sentencing Guidelines that would be affected by the Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and because that decision, along with the fact that Fales has likely completed service of his sentence, render his request for a stay of sentence moot, we affirm the district court's denial of his Motion For Stay Of Sentence Pending Appeal.

On May 11, 2004, Fales pled guilty to bank embezzlement in violation of 18 U.S.C. § 656. In his plea agreement, Fales acknowledged that he was pleading guilty to a crime with a maximum penalty of 30 years' imprisonment and agreed that his sentence would be imposed pursuant to the Sentencing Guidelines. On August 18, 2004, the district court imposed a sentence of four months' imprisonment, followed by two years of supervised release, along with a fine and restitution. The court refused to increase Fales's offense level for abusing a position of trust; it did, however, increase the offense level for targeting an especially-vulnerable elderly woman, a fact that Fales admits in an August 3, 2004, letter from his attorney to the Probation Officer. In light of the pending challenge to the Sentencing Guidelines in the Supreme Court, the district court entered an alternative sentence for Fales of two years' probation "[i]n the event the sentence guidelines are deemed unconstitutional." The court also recommended to the Bureau of Prisons that Fales "receive work release for purposes of his employment."

Fales claims to have learned, shortly after his sentence was imposed, that the Bureau of Prisons no longer offers such a work release program.[1] On August 20, 2004, Fales filed a Motion For Clarification And Correction Of Judgment, informing the district court that no such work release program existed and asking that the court place Fales in a halfway house with work release. On August 27, 2004, Fales filed a Motion For Stay Of Sentence requesting that the district court stay the execution of his prison sentence while deciding his Motion For Clarification And Correction Of Judgment. The district court denied both motions, asserting that it had reviewed the Judgment and found it to be "legally and factually sound" and "not requir[ing] clarification."

On September 7, 2004, Fales filed a Notice of Appeal to challenge the district court's order "denying motion to correct judgment of August 18, 2004." Shortly thereafter, he filed in this court a motion "to stay execution of his sentence pending disposition of his appeal." A panel of this court denied that motion, applying the standard for release pending appeal set

1. Fails mentions this issue in his brief and several prior motions, but nowhere does he make a legal argument that it somehow invalidates his sentence. We note that work release was merely a recommendation from the district court to the Bureau of Prisons, and that the court was subsequently informed by Fales of the absence of a work release program and nonetheless chose to leave Fales's prison sentence unaltered. Since Fales offers no legal authority, or even argument, for questioning his sentence on these grounds, we deem the issue waived and will not consider it in this appeal. *See United States v. Hayter Oil Co., Inc.*, 51 F.3d 1265, 1269 (6th Cir.1995) (refusing to consider an argument raised only by conclusory assertion in defendant's brief on appeal).

out in 18 U.S.C. § 3143(b). On December 2, 2004, we denied Fales's motion for rehearing, concluding "that no point of law or fact was overlooked or misapprehended and that the October 6 order was correct." On January 12, 2005, the Supreme Court handed down its decision in *Booker* and *Fanfan*, which declared certain provisions of the Sentencing Guidelines to be in violation of the Sixth Amendment. *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The entirety of Fales's argument, submitted prior to the Court's decision in *Booker*, is that his sentence, calculated pursuant to the federal Sentencing Guidelines, should be stayed because the Supreme Court *could* declare the guidelines unconstitutional in *Booker* and *Fanfan*, which were pending before the Court at the time Fales submitted his appeal. This argument fails for several reasons.

First, Fales admits in his brief that he "does not challenge his conviction nor the legality of the four month sentence imposed [on him]." Since Fales does not directly challenge the constitutionality of his sentence, the Court's decision in *Booker*, even if applicable to Fales's sentence, is of no value to him in this appeal and would afford him no relief on remand.

Second, the only relief Fales seeks is that he be "released immediately pending the Supreme Court's decision in *Booker* and *Fanfan*." Since the Court has now decided *Booker* and *Fanfan*, we are unable to grant Fales's requested relief, and thus his appeal is moot. *See Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530 (6th Cir.2001) ("A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue.").

Finally, in this court's October 6, 2004, Order denying Fales's motion "to stay exe-cution of his sentence pending disposition of his appeal," we noted that he was set to begin serving his four month prison sentence on October 7, 2004. Since we have been presented with no evidence to the contrary, we assume that Fales will complete service of his sentence on or about February 7, 2005, which also renders this appeal moot. *See id.*

For the foregoing reasons, we AFFIRM the denial of Fales's Motion For Stay Of Sentence Pending Appeal.